FILED
United States Court of Appeals
Tenth Circuit

February 22, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENET CIRCUIT

TENTH CIRCUIT

ARLUS DANIEL, JR.,

Petitioner–Appellant,

v.

TRAVIS TRANI, Warden; JOHN
WILLIAM SUTHERS, The Attorney
General of the State of Colorado,

Respondents–Appellees.

No. 12-1291

(D.C. No. 1:11-CV-03093-LTB)

(D. Colo.)

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **BRISCOE**, Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

Petitioner, a state prisoner proceeding pro se, seeks a certificate of appealability to appeal the district court's denial of his § 2254 habeas petition as time-barred. In 2007, Petitioner was convicted of theft and securities fraud and sentenced to eighteen years' imprisonment. His conviction and sentence were affirmed on direct appeal in December 2009. After unsuccessfully filing various pro se motions in the state court, Petitioner filed this federal habeas petition in November 2011.

The district court concluded that Petitioner's federal petition was filed outside the

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

one-year statute of limitations even if the court tolled the times in which Petitioner's state post-conviction motions were pending. The court also concluded that Petitioner was not entitled to equitable tolling of the statute of limitations. The court therefore dismissed the petition as untimely.

In his request for a certificate of appealability, Petitioner argues his petition should be considered timely because (1) his appellate attorney was ineffective and (2) the conviction could not be considered final under 28 U.S.C. § 2244(d)(1)(a) until after the conclusion of the state post-conviction proceedings, since ineffective assistance claims can only be brought in collateral proceedings. Neither argument is persuasive. The district court carefully explained why appellate counsel's alleged ineffectiveness did not entitle Petitioner to statutory or equitable tolling of the statute of limitations, and we see no error in its analysis. As for Petitioner's second argument, a judgment becomes final for limitations purposes "by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A), not after all possible claims can be brought and considered in state court proceedings. Contrary to Petitioner's contentions, "direct review" refers only to the direct criminal appeal and Supreme Court review thereof, not to post-conviction and other collateral proceedings. *See Redd v. McGrath*, 343 F.3d 1077, 1081 (9th Cir. 2003).

After carefully reviewing the record and Petitioner's filings on appeal, we conclude that reasonable jurists would not debate the district court's dismissal of the habeas petition on timeliness grounds. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Therefore, for substantially the same reasons given by the district court, we **DENY**

Petitioner's request for a certificate of appealability and **DISMISS** the appeal.

Petitioner's motion to proceed *in forma pauperis* on appeal is **GRANTED**.

ENTERED FOR THE COURT


Monroe G. McKay
Circuit Judge